# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CRAIG ALEXANDER JULIAN,

        Petitioner,

v.

        CIVIL NO. 2:18-CV-11128
        HONORABLE NANCY G. EDMUNDS
        UNITED STATES DISTRICT COURT

LES PARISH,

        Respondent.

_____/

## OPINION AND ORDER (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY

      Craig Alexander Julian, ("Petitioner"), confined at the Oaks Correctional Facility in Manistee, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Phillip D. Comorski, petitioner challenges his conviction for first-degree murder, Mich. Comp. Laws § 750.316, and removing or carrying away a human body, Mich. Comp. Laws § 750.160. Respondent filed a motion to dismiss the petition, on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner filed a reply. For the reasons stated below, the petition for a writ of habeas corpus is summarily denied with prejudice.

## I. BACKGROUND

      Petitioner was convicted following a jury trial in the Bay County Circuit Court.

      Direct review of petitioner's conviction ended in the state courts on May 28, 2013, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction on his appeal of right by the Michigan Court of

1

Appeals. *People v. Julian,* 830 N.W. 2d 406 (2013).

Petitioner filed a post-conviction motion for relief from judgment with the Bay County Circuit Court on August 27, 2014. After the trial court denied the motion and the Michigan Court of Appeals denied petitioner leave to appeal, post-conviction review of petitioner's case ended in the Michigan courts on April 3, 2018, when the Michigan Supreme Court denied petitioner's motion to reconsider that court's previous denial of his application for leave to appeal the denial of his post-conviction motion. *People v. Julian,* 908 N.W. 2d 917 (2018).

Petitioner filed his petition with this Court through counsel on April 9, 2018.

## II. DISCUSSION

Respondent filed a motion to dismiss the petition for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *See also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by

2

> State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009)*.*

The Michigan Supreme Court denied petitioner's application for leave to appeal on May 28, 2013. Where a state prisoner has sought direct review of his or her conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment became final on August 26, 2013, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than August 26, 2014 in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001)*.*

Petitioner filed his post-conviction motion for relief from judgment on August 27,

2014, the day after the limitations period expired. A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. See *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); see also *Hargrove v. Brigano*, 300 F.3d 717, 718, n. 1 (6th Cir. 2002).

Petitioner's counsel initially argues in his reply brief that his state post-conviction motion for relief from judgment was filed before the one year limitations period expired, because it was mailed to the Bay County Circuit Court on August 25, 2014.

The Court cannot accept this argument for several reasons.

First, petitioner was represented by counsel on his post-conviction motion for relief from judgment. See ECF 4-3, 5-21. Petitioner's counsel does not cite to any Michigan cases or court rules that suggest that a pleading is considered filed under Michigan law when it is placed in the mail. The general rule in Michigan is that the mailing of a complaint or other pleading does not constitute filing of that document. See *Biafore v. Baker*, 119 Mich. App. 667, 669, 326 N.W.2d 598, 599 (1982); *Hollis v. Zabowski*, 101 Mich. App. 456, 458, 300 N.W.2d 597 (1980); *King v. Calumet & Hecla Corp.*, 43 Mich.App. 319, 326, 204 N.W.2d 286 (1972). "A paper or document is filed when it is delivered to and received by the proper officer to be kept on file, and the endorsement of the officer with whom it is filed is but evidence of the time of filing." *Biafore v. Baker*, 119 Mich. App. at 669 (citing *People v. Madigan*, 223 Mich. 86, 89, 193 N.W. 806 (1923); *Hollis, supra*, 101 Mich. App. at p. 457, 300 N.W.2d 597, *King, supra*, 43 Mich.App. at p. 325, 204 N.W.2d 286). Although Michigan has adopted a prison mailbox rule of sorts, See *infra*, petitioner's counsel does not argue that such a rule is applicable when a prisoner is represented by counsel, as petitioner was here, nor has this Court been able to find any Michigan cases which extend the mailbox

rule to cases where a prisoner is represented by counsel. The mailbox rule does not apply in the federal courts where a habeas petitioner is represented by counsel. *See Goebel v. Anderson*, 208 F. Supp. 2d 865, 867, n. 1 (N.D. Ohio 2002)(*citing Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000)); *See also Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)("common law mailbox rule is inapplicable to the mailing of habeas petitions to third parties, as intermediaries, who then mail them to the court for filing.").

Secondly, although Michigan now recognizes a type of prison mailbox rule, it is applicable only "[t]o appeals from administrative agencies, appeals from circuit court (both claims of appeal and applications for leave to appeal), and appeals from decisions of the Court of Appeals to the Supreme Court." See Staff Comment to February 25, 2010 Amendment, foll. M.C.R. 7.105, 7.204, 7.205, 7.302. Michigan's post-conviction court rules do not contain a prison mailbox rule for the filing of a post-conviction motion for relief from judgment with the trial court. *See* M.C.R. 6.500, *et. Seq.* The federal mailbox rule cannot be applied by a federal habeas court to determine that a prisoner's state post-conviction pleading has been timely filed, where the mailbox rule has not been recognized by that state's appellate courts. *See e.g. Vroman v. Brigano,* 346 F. 3d 598, 603-04 (6th Cir. 2003). Thus, even if it were petitioner, and not his attorney, who mailed the post-conviction motion on August 25th, the motion would not be deemed filed under Michigan law until received by the Bay County Circuit Court on August 27, 2014, one day after the limitations period expired.

Finally, under Michigan's mailbox rule, "[T]imely filing may be shown by a sworn statement, which must set forth the date of deposit and state that first-class postage has been prepaid." M.C.R. 7.204(A)(2)(e), M.C.R. 7.205 (A)(3), M.C.R. 7.302 (C)(3).

Petitioner's original motion for relief from judgment contained no such statement setting forth that the motion had been deposited in the mail on August 25, 2014. Petitioner's motion for relief from judgment and the brief in support were not even dated by counsel. There is simply no evidence that petitioner's motion for relief from judgment was placed in the mail on August 25, 2014.

The Court recognizes that petitioner filed his post-conviction motion for relief from judgment only one day after the limitations period expired. The Sixth Circuit, however, has indicated that, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado,* 337 F. 3d at 643 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)(citation omitted); *See also Vroman v. Brigano*, 346 F.3d at 602-04 (filing of state postconviction relief petition could not statutorily toll one-year limitations period for habeas relief where state court determined that state petition was untimely, and thus not "properly filed," even if petition was only one day late). The current petition is untimely.

Petitioner argues that the limitations period should be equitably tolled for the six day period between when the Michigan Supreme Court denied the motion for reconsideration on April 3, 2018 and the date that the petition was filed on April 9, 2018, because counsel did not receive notice of the Michigan Supreme Court's order denying the motion for reconsideration until that date.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to

the equitable tolling of the one year limitations period. *Id*.

Even if the Court were to credit petitioner's counsel's assertions, he would still not be entitled to equitable tolling because the statute of limitations had already run by August 26, 2014, before petitioner had even commenced his post-conviction proceedings in the state courts. Equitable tolling does not operate to revive an expired limitations period. *See Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008); *See also Pinson v. Boynton,* No. 2:09-13640; 2010 WL 3245405, * 4 (E.D. Mich. August 17, 2010). "Events or actions occurring after the expiration of the limitations period cannot serve to extend that period or excuse [a litigant's] failure to comply with the limitations period." *Doan v. NSK Corp.*, 266 F. Supp. 2d 629, 638 (E.D. Mich. 2003). "[E]quitable tolling functions to halt an already running limitations period that has not expired; it does not function to revive a stale claim." *Lewis v. United Air Lines, Inc.,* 117 F. Supp. 2d 434, 441 (D.N.J. 2000).

Petitioner further argues that the limitations period should be equitably tolled because he is actually innocent.

The one year statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability

7

of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Petitioner argues in his initial petition and in his reply brief that he is actually innocent because the prosecutor presented insufficient evidence to establish that petitioner aided and abetted his brother in the murder of his brother's girlfriend. Petitioner's sufficiency of evidence claim does not establish his innocence, so as to toll the limitations period. For purposes of tolling the limitations period, "actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

### III. CONCLUSION

Based on the foregoing analysis, the Court concludes that petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court summarily dismisses with prejudice the petition for writ of habeas corpus.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the

8

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court will the deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that the petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

### IV. ORDER

Accordingly, the Court **SUMMARILY DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability.

Dated: December 7, 2018

s/ Nancy G. Edmunds_____
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE